## Andrew McKeever *v.* Westinghouse Electric and Manufacturing Company, Appellant.

194      149<br>20 SC 238

*Negligence—Master and servant—Contributory negligence—Province of court and jury.*

In an action by an employee against his employer to recover damages for personal injuries, it appeared that plaintiff was injured by the broken edge of a pulley catching in his blouse as he was reaching around the pulley to get an iron rod. He had no knowledge that the pulley was broken, and it was not part of his duty to keep it in repair. There was affirmative evidence that it was not imprudent for a workman to allow the sleeve of his blouse to come in contact with the edge of a revolving pulley if the edge was smooth and regular. *Held*, (1) that the question whether the plaintiff was negligent in reaching for the rod while the pulley was in motion was for the jury; (2) that the question of the probable danger of the use of the iron rod as a brake on the emery wheel raised an issue which was not in the case; (3) that a verdict and judgment for plaintiff should be sustained.

Argued Oct. 30, 1899. Appeal, No. 141, Oct. T., 1899, by defendant, from judgment of C. P. No. 1, Allegheny Co.,

March T., 1898, No. 516, on verdict for plaintiff. Before GREEN, McCOLLUM, MITCHELL, FELL and BROWN, JJ. Affirmed.

Trespass for personal injuries. Before SLAGLE, J.
The facts appear by the opinion of the Supreme Court.

*Error assigned* was in refusing binding instructions for de· fendant.

*H. E. Lineaweaver*, with him *Wm. A. Stone* and *W. P. Potter*, for appellant, cited on the question of contributory negligence: Chartiers Twp. v. Phillips, 122 Pa. 601; Railroad Co. v. Cadow, 120 Pa. 559; Ferguson v. Traction Co., 9 Pa. C. C. R. 147; Gould v. McKenna, 86 Pa. 297; Hannigan v. Navigation Co., 23 W. N. C. 576; Railroad Co. v. Greiner, 113 Pa. 600.

*Rody P. Marshall*, with him *Thomas M. Marshall*, for appellee.

OPINION BY MR. JUSTICE FELL, December 30, 1899:

The plaintiff was employed by the defendant to oil machinery and clean belts in use at its works. On the end of a shaft which turned an emery wheel there was an iron pulley from the edge of which a triangular piece had been broken. The wheel revolved in a tank in which water was allowed to flow. The plaintiff's attention was called by the foreman of the shop to the fact that a pipe at the bottom of the tank had become clogged, and that the water, instead of draining off through this pipe, had collected in the tank and was being thrown over the floor by the revolution of the wheel, and he was directed to remove the water. In order to do this he turned the power off by means of a lever, and without waiting for the wheel to stop he reached across or around the pulley to get an iron rod which he intended to use if necessary to stop the motion of the wheel, and after it stopped to open the pipe. The broken edge of the pulley caught the sleeve of his blouse and drew his arm between the surface of the pulley and the belt.

All matters which related to the neglect of the defendant in allowing the broken pulley to remain in use after notice of the

defect and danger, as well as all matters touching the plaintiff's negligence, were carefully submitted in a charge to which no exception was taken. The only question now to be considered is whether the case should have been withdrawn from the jury on the ground of contributory negligence.

The plaintiff had no knowledge that the pulley was broken. It was not his duty to repair it, and he seems to have had nothing to do with work of that kind. He was sent to open the pipe which drained the tank. When he went to the wheel he found a workman waiting to use it as soon as the water should be removed. The momentum of the wheel and pulley would have kept them in motion for several minutes after the power had been turned off, the length of time depending on the condition as to friction of the loose pulley on the countershaft. The plaintiff attempted to secure the iron rod by the only convenient, if not the only possible, way open to him. There was affirmative evidence that it was not imprudent for a workman to allow the sleeve of his blouse to come in contact with the edge of a revolving pulley if the edge was smooth and regular. Under this testimony the inquiry as to contributory negligence was narrowed to the single question whether the plaintiff was negligent in reaching for the rod while the pulley was in motion. This was for the jury. To involve this question with that of the probable danger of the use of the iron rod as a brake on an emery wheel raised an issue which was not in the case. The plaintiff was not injured by the use of the bar. He had not determined when, if at all, he would use it as a brake. His intention was to use it if the friction of the pulley on the countershaft did not arrest the motion within a reasonable time, and a time would have arrived when the motion would have been so reduced that the bar could have been used with reasonable safety. He needed the bar for a proper use, and the fact that he contemplated another use which was more or less dangerous according to the circumstances was not ground for imputing negligence to him.

The judgment is affirmed.