## Jones *v.* American Can Co., Appellant.

*Negligence—Master and servant—Safe place to work—Temporary bridge—Notice of increased danger—Case for jury.*

In an action to recover damages for personal injuries, it appeared that plaintiff had been employed by defendant in moving tin plate from a box car to defendant's factory by hauling it on trucks over a steel plate forming a temporary bridge from the car to the factory; that the plate was provided with bolts to prevent it from slipping, and plaintiff had never hauled any trucks over plates not equipped with this device; that just prior to the time when plaintiff was hurt the plate had been moved away at the direction of defendant's vice-principal and two plates not provided with bolts were substituted therefor; that in dragging the truck over the plates, they parted and plaintiff fell between them, sustaining the injuries complained of. It appeared that plaintiff had no knowledge that the new plates differed from the old one, and it could not be said as a matter of law that he had had a fair opportunity to observe the material difference between the old and substituted plates. There was no evidence that he had moved the truck in an unusual or careless manner. *Held,* the case was for the jury and a verdict and judgment for plaintiff was sustained.

Argued Oct. 14, 1913. Appeal, No. 132, Oct. T., 1913, by defendant, from judgment of C. P. Lawrence Co., Dec. T., 1910, No. 74, on verdict for plaintiff in case of George S. Jones v. American Can Company. Before BROWN, MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before PORTER, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $3,000 and judgment thereon. Defendant appealed.

*Errors assigned* were in refusing to direct a verdict for defendant and to enter judgment for defendant n. o. v.

*C. H. Akens,* of *Akens, Wilkison, Lockhart & Chambers,* with him *R. C. McKinley,* for appellant.

*Robert K. Aiken,* with him *J. Clyde Gilfillan,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER,. January 5, 1914:.

George·S. Jones brought this action to recover damages for personal injuries alleged to be due to the negligence of the defendant company. The verdict favored the plaintiff, hence the evidence must be construed in the light most advantageous to him, and so viewed, the following material facts appear: The plaintiff, who was thirty-five years of age, had been employed by the defendant· for about three months prior to August 10, 1910, the date of the accident; when hurt he was engaged in. removing tin plate from a box car to the defendant's factory; the material was. put upon trucks, each load· weighing about 3,000 pounds; these trucks were hauled by hand, one man pulling and the other pushing, over steel plates which formed a temporary bridge from the car to the factory; in this instance the distance spanned was between twenty-six and thirty inches and the plates used were about fifty-two inches long· and· three-eighths of an inch thick; the railroad track or siding was on a curve, the far side of the car being lower than the side near the·factory door, and following a usual custom boards or strips of wood were placed· on the car floor as an approach to the steel plates; the car was so located that in taking out the truck it was necessary to enter upon the steel span at an angle; the truck provided for the purpose was about two and one-half feet in length and twenty-eight inches wide, it had three wheels, one in front and two in about the·center, and it was pulled by a tongue or handle between eighteen and twenty-four inches long; previous to the accident the steel span which has been located·at the

door used by the plaintiff consisted of a single plate containing two holes through which bolts or pins were inserted at such places and in such a manner as to keep it from slipping when in use; up to the time of his injury the plaintiff had never hauled any trucks over plates not provided with this safety device, and he had no knowledge of or reason to anticipate their possible use at the place of his employment; just prior to the time when he was hurt, the single steel plate was moved away and two others of about the same length and each eighteen inches wide were substituted in its stead at the direction of a vice principal of the defendant; these latter plates were put side by side and apparently made as effective a span as the single one, but they were not provided with holes or pins to keep them in position; the plaintiff had no knowledge that these new plates were different in this respect, and the fact was not called to his attention, although the defendant possessed the knowledge that he lacked; the plaintiff was hurt while hauling out his first load, and the evidence was not so clear that it could be said as a matter of law that he had a fair opportunity to observe, or must have observed, the material difference between the old and the substituted plates, nor was there any proof that the work of moving the truck was executed in an unusual or careless manner; the plaintiff was engaged at the particular place of his injury at the direction of the vice-principal of the defendant who had previously ordered the single plate removed and the twin plates substituted; the latter were ready for use when the plaintiff went to work, and so far as the evidence shows they and the boards forming the approach thereto were in proper position for the purpose for which they were intended; at the time of the accident, the plaintiff was pulling on the tongue and a fellow workman was pushing the truck, when the rear wheels came in contact with the span the steel plates spread apart and the plaintiff fell in between them; the truck and its load dropped upon and so injured him that

he was obliged to have his left leg amputated below the knee.

No complaint is made of the manner in which the case was submitted to the jury; but the defendant contends that it was entitled to binding instructions and that the court erred in not giving judgment non obstante veredicto in its favor. On the facts as we have stated them, and as we must assume from the verdict the jury found them to be, it is apparent that the trial court did all it could to guard the interests of the defendant when it properly submitted the issues to the jury; after considering the able argument of counsel for the defendant and all the authorities cited, we are not convinced of error.

The judgment is affirmed.