# Yeager *v.* Anthracite Brewing Company, Appellant.

*Negligence—Master and servant—Brewing company — Moving machinery—Change in operation—Increased danger—Failure. to notify employee—Contributory negligence—Instructions to jury—Failure to request—Earning power—Charge of court—Pleading—Variance.*

1. If the operation of a machine prior to changes is not attended with danger and changes, involving danger, are made without notice to or knowledge of an employee and in the exercise of ordinary prudence he would not observe such changes, it is the duty of the employer to notify him thereof, and failure to do so is negligence.

2. In an action by an employee against a brewing company to recover damages for personal injuries resulting from his arm being caught in the revolving cogs of a machine, the questions of defendant's negligence and the contributory negligence of the plaintiff were for the jury and a verdict and judgment for the plaintiff will be sustained where it appeared that it was the duty of the plaintiff, who was on night turn, to remove from time to time the malt which accumulated in the gear boxes of the malt dryer, a cylindrical drum revolving by means of cogwheels connected with the driving shaft; that in the performance of such services plaintiff was required to go to the rear of a chute which fed the dryer and to stand within a narrow space between the chute and reach over the gear, which had for many years been revolving outward and was therefore not dangerous; that nine days prior to the accident defendant changed the operation of the cogwheels so that they revolved inward instead of outward; that defendant did not notify plaintiff of such change and plaintiff was not aware thereof and could not observe same on account of the darkness of the place and the rapidity with which the cogs revolved; and while in the act of removing the malt his arm was caught in the cogs and he sustained the injuries complained of.

3. In such case the plaintiff was justified in assuming that the wheels were still revolving outward.

4. Where it appeared that the weekly wage of the plaintiff was the same after as before the accident, the court did not err, after referring to such fact, in charging that "it is for loss of earning.

power in the future that you are to compensate him, if anything. In other words, what would he continue to earn in the future had this accident not have happened, and that for a period of the balance of his life?" The test is whether the power or capacity to earn has been diminished as a result of the injury, and the earnings of the plaintiff subsequent to the injury, as compared with his earnings prior to the injury, are evidence, but not conclusive, as to whether his earning power has been diminished by reason of the injury.

Argued May 21, 1917. Appeal, No. 194, Jan. T., 1916, by defendant, from judgment of C. P. Northumberland Co., Feb. T., 1915, No. 193, on verdict for plaintiff in case of Charles Yeager v. Anthracite Brewing Company. Before BROWN, C. J., MESTREZAT, POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Trespass for personal injuries. Before CUMMINGS, P. J.

The facts appear by the opinion of the Supreme Court.

Verdict for plaintiff for $1,750 and judgment thereon. Defendant appealed.

*Errors assigned* were the charge of the court and in refusing to direct a verdict for the defendant.

*Voris Auten,* with him *Bastress & Tier* and *C. M. Clement,* for appellant.—Plaintiff voluntarily and unnecessarily placed himself in a position of danger and was guilty of contributory negligence: Solt v. Williamsport Radiator Co., 231 Pa. 585; Lowry v. Baldwin Locomotive Works, 253 Pa. 87.

*L. S. Walter,* with him *J. Grant Kehler,* for appellee. —Plaintiff was justified in resting on the assumption that the gears of the machine were running outward as they had been for three years, in the absence of his ability to see the condition and in the absence of actual knowledge or notice of the change: Fern v. Penna. R. R. Co., 250 Pa. 487.

OPINION BY MR. JUSTICE MESTREZAT, June 30, 1917:

This is an action of trespass to recover damages for injuries sustained by the plaintiff while he was in the service of the defendant company. The plaintiff had been employed as night engineer in the defendant's brewery for nine years prior to the accident which resulted in his injuries. It appears from the evidence, and is substantially stated by the learned court below in its opinion refusing a new trial, that, in addition to his duties as engineer, the plaintiff was required to remove, at stipulated periods, the malt which had accumulated in the gear boxes of the drying drum, or malt drier, which is a cylindrical drum some thirty feet in length and about thirty inches in diameter, and revolves by means of cogwheels or cog gearing connected with a driving shaft. The drum contains steam flues and is used for the drying of malt to be sold for feed. For the purpose of performing this service, the plaintiff was required to go to the rear of a hopper or chute which fed the drier and extended from the ceiling to within three feet of the floor and within two and one-half feet of the cogwheels or gearing which ran the drier. In removing the malt from the boxes, he was required to stand within the narrow space between the hopper and the drier, and to reach over the gearing which had, for many years, been running or revolving outward and, for that reason, did not endanger the person performing the service. About nine days prior to the accident, the defendant changed the operation of the cogwheels so that they revolved inward instead of outward. The plaintiff did not know of the change and did not discover it while attending to his duties because the place was dark, and his body shaded the dim light which hung above and back of him. On the night of the accident, he reached over the cogwheels or gearing, while in motion, to remove the malt from the gear boxes the same as he had done in the past, having been instructed by his employer to do the work while the machinery was in motion. In some manner his arm

was caught in the cogs between the elbow and shoulder. The muscles were torn and part of the muscle fibre and tissue was ground up in the cogs. His injuries are severe and permanent. The plaintiff did not know of the change in the motion of the cogs until after the accident had occurred.

In the statement of the cause of action, it is averred that the defendant failed to furnish plaintiff a safe place to work; failed to furnish him safe instruments with which to work; failed to properly guard, protect or cover the gears; and failed to properly instruct the plaintiff how to remove the malt from the gear boxes, and to warn him of the danger of coming in contact with the gearing. The defendant pleaded the general issue. The court submitted the case in a clear and adequate charge, and the jury found for the plaintiff. Judgment having been entered on the verdict, the defendant has taken this appeal.

The questions involved, as stated by the appellant, are: (a) Was the plaintiff entitled to cautionary instructions as to the changes made in the operation of the machinery; (b) was the plaintiff guilty of contributory negligence; and (c) was the charge of the court an adequate and proper presentation of the case to the jury?

We have stated the facts which the jury was warranted in finding from the evidence produced on the trial of the cause. We think the testimony was ample to submit to the jury on the question of the defendant's negligence, and that the court would not have been justified in declaring the plaintiff negligent as a matter of law. It is claimed that, as the wheels were revolving inward, the plaintiff was guilty of negligence in attempting to remove the malt from the gear boxes while the machinery was in motion. It is urged that the change made in the revolution of the cogwheels could be plainly seen by the plaintiff, and that he was and had been for a long time familiar with the operation of the machinery, and, therefore, knew of the change which the company

had made, or should have known it if he had exercised proper care in the performance of his duties. This contention is met by the testimony introduced by the plaintiff, which manifestly was for the consideration of the jury, that for some years prior to the accident he had performed this work while the wheels revolved outwardly and it was not attended with any danger; that, in removing the malt from the gear boxes, he was required to stand in the narrow space between the hopper and the drier, which was badly lighted, and that the cogwheels revolved so rapidly that it was difficult to determine the direction of the revolution of the wheels. The plaintiff had been instructed by the defendant prior to the change to perform the work while the machinery was in motion, which was attended with no danger so long as the cogwheels revolved outwardly. No covering or artificial guard over the machinery was necessary under those conditions. The plaintiff testified that he could not see the change in the revolution of the wheels because the light was dim and his body cast a shadow over the wheels, and that from his previous experience in performing the work he assumed on this occasion that the wheels were still revolving outwardly. He was justified in this assumption: Fern v. Penna. R. R. Co., 250 Pa. 487. The change from the outward to the inward revolution of the wheels was made, as the jury found, without notice to, or the knowledge of, the plaintiff, and, therefore, whether or not, under the circumstances disclosed by the evidence, cautionary instructions as to the change made in the operation of the machinery should have been given him was a question for the jury. If the operation of the machine prior to the changes was not attended with danger and they were made without notice to, or knowledge of, the plaintiff and in the exercise of ordinary prudence he would not observe them, it was the duty of the defendant company to notify him of such changes if they involved danger, and the failure to do so was negligence for which the company was liable: Mc-

Keever v. Westinghouse Elect. & Mfg. Co., 194 Pa. 149; Coll v. Westinghouse Elect. & Mfg. Co., 230 Pa. 86; Jones v. American Can Co., 242 Pa. 611; Swauger v. Peoples Natural Gas Co., 251 Pa. 287; 3 Labatt, Master & Servant (2d Ed.), Sec. 923, page 2465.

The eighth assignment, alleging error in the general charge on the question of damages, is the only assignment that challenges the adequacy of the charge to the jury. The learned trial judge, after referring to the fact that the plaintiff received the same wage per week for his services after the accident as before, and for that reason it was claimed there would be no loss of earning power or capacity, said: "That might be true in one respect but it is your duty to take his earning capacity before and his earning capacity after into consideration in trying to determine what his earning capacity would be in the future. It is for loss of earning power in the future that you are to compensate him, if anything. In other words, what would he continue to earn in the future had this accident not have happened, and that for a period of the balance of his life." The learned counsel for the appellant seem to think, in view of the fact that the plaintiff's weekly wage was the same after as before the accident, the earning capacity of the plaintiff had not been diminished by reason of the injury, and, hence, he was not entitled to recover damages in this case. That is not the standard by which the plaintiff's future earning capacity should be tested; it is whether the power or capacity to earn has been diminished as a result of the injury: Leonhardt v. Green, 251 Pa. 579. The earnings of the plaintiff, subsequent to the injury, are, as compared with his earnings prior to the injury, evidence, but not conclusive, as to whether his earning power has been diminished by reason of the injury resulting from the accident: McLaughlin v. Corry, 77 Pa. 109. There was evidence in the case that the plaintiff's strength was much impaired, and that he was permanently unable to do as much or as heavy work as before the accident. He

may, therefore, as could have been found by the jury from this evidence, be compelled in the future to accept less remunerative employment than if he had not been injured. The fact that he was receiving at the time of the trial the same wage he had received previous to his injury was no assurance that in the future he would receive the same wage for similar employment, or that his injured condition would not compel him to accept a much smaller remuneration for labor which he could perform.

It is further claimed in this connection that the court should have told the jury that the earning capacity of the plaintiff would naturally and unavoidably decrease with advancing years, and that if he lived beyond a certain period his earning capacity, even though no accident had occurred, would probably cease entirely. This criticism is directed against the last sentence of that part of the general charge quoted above in which the court told the jury they should determine what the plaintiff would continue to earn in the future had the accident not happened, and for the period of the balance of his life. This instruction, taken in connection with what the court had already said on the question of damages, was correct: Scott Township v. Montgomery, 95 Pa. 444. It would hardly be necessary for the court to tell an intelligent jury, what every juryman would otherwise know, that a man's earning power would decrease as the years went on, and that finally total incapacity to work would follow. The instructions of the court below, which have been approved by this court, did not warrant the jury in finding that the plaintiff's earning capacity would not change with the years, and would be the same at the end of a long life as it was immediately after he was injured. If the appellant company desired other or more explicit instructions on this branch of the case, they should have been requested by a point or points properly framed and presented to the court.

There was no variance between the averments of the statement and the proof on the trial of the cause. If the

amendment of the statement was necessary, it did not change the cause of action, and was properly allowed by the court. We do not see, however, that the proof adduced on the trial was not fully covered by the allegations of the original statement.

The question raised by the seventh assignment of error is not covered by the statement of the questions involved, and, hence, as we have repeatedly held, will not be considered.

The judgment is affirmed.