# Wensel *v.* Standard Supply and Equipment Co., Appellant.

*Negligence—Damages—Earning capacity—Business other than one engaged in at time of accident—Evidence—Admissibility.*

In a negligence suit, lessened capacity to earn in any actually available occupation, for which plaintiff was qualified may be shown by proper or satisfactory proof.

In an action to recover damages for injuries resulting from defendant's negligence, the plaintiff was properly permitted to offer evidence of his former occupation as a superintendent of a brick-

yard, although he had not been so employed for a year and a half prior to the accident. Although he was temporarily engaged in some other occupation, it was permissible for plaintiff to offer evidence of his salary as superintendent of a brick yard, in connection with testimony that the accident had disabled him from taking such a position, and as an indication of his loss of earning power.

Argued May 1, 1919.   Appeal, No. 54, April T., 1919, by defendant, from judgment of C. P. Allegheny Co., July T., 1917, No. 744, on verdict for plaintiff in case of Albert A. Wensel v. Standard Supply and Equipment Company.   Before ORLADY, P. J., PORTER, TREXLER, WILLIAMS and KELLER, JJ.   Affirmed.

Trespass to recover damages for personal injuries.   Before SHAFER, P. J.

At the trial it appeared that plaintiff was struck by defendant's automobile while attempting to cross Penn avenue in the City of Pittsburgh.   The court admitted, under objection, evidence of the earning capacity of the plaintiff as superintendent of a brick yard, although he had not been so employed for a year and a half prior to the accident.

The court charged in part as follows:

The next item is the loss of earnings up to the present time.   In this case the plaintiff is a man at the present time 69 years old.   At the time of the accident he was employed running an elevator and he was receiving, I think he said $12 a week.   He had been employed in that way for some months, I forget exactly how many, three or four, perhaps, and that was the wages he was getting and that was the wages he lost at that time at least, and he was out of work in that way from the time he was hurt until some time in May, if I recollect rightly.   If that is the case, then he is entitled to recover for his loss of earnings during that time.   From May following the accident up to the present time he has not lost any actual wages because he is employed in a way which brings him more wages than he was making before.

If these injuries are permanent, and it is claimed they are, he is entitled to recover a reasonable compensation for his loss of earning power, and diminution of his earning power. As to that he has shown that his occupation as an elevator man had been only for a short time, practically temporary, and that for years before that time he had been employed, and had been employed for a long time before that as a superintendent of a brick works, and that that was his real business. He does not give us any account of what he was doing for a year and a half before the accident, up to the time when he was employed as an elevator man. It does not appear he was employed at all, at least as far as the evidence goes. I do not understand that he said he was. Ordinarily when a man has adopted an occupation and worked at it for some time, so that it appears that is the occupation he has taken to permanently, the wages he gets there or what he was getting there is the measure of his earning power. Where, however, a man has been engaged in one occupation and has been out of work and takes up some other occupation temporarily and it is only intended by him to stay in that occupation until he gets into his former business again or gets some work at his former occupation, it is proper for the jury to take that all into consideration. Now, it might be this man would be able to get work at this occupation he had before, and it might not. It might be he might be able to work at it and it might not. He had not been able to work at it for a year and a half or perhaps two years at the time. There was some suggestion made he could have gotten the same work again, and we all know that labor is scarce nowadays, labor of all kind, and all that is to be taken into consideration. It would not be fair to say he was entitled to recover on the basis of his being the superintendent of a brick works only, but you can take that into consideration along with the fact that, while he worked at that before, that then he was idle a year and a half and then he worked at this occupation that was bringing

him in much less money for some time. All that is to be taken into consideration in making up your minds what you think his loss of earning power was, from now as long as he will be able to work.

Verdict and judgment for plaintiff for $1,440. Defendant appealed.

*Errors assigned* were various rulings on evidence, quoting bill of exceptions, and the refusal to grant a new trial.

*H. J. Nesbit,* and with him *Franklin T. Nevin,* for appellant.—The evidence of the plaintiff's earning capacity was improperly admitted: Helmstetter v. Pittsburgh Rys. Co., 243 Pa. 422; Hobel v. The M. & S. Ry. & Light Co., 229 Pa. 507; Buck v. McKeesport, 223 Pa. 211.

*Charles W. Jones,* for appellee, cited: Clark v. Butler Junction Coal Co., 259 Pa. 262; Yeager v. Anthracite Brewing Co., 259 Pa. 123; McLaughlin v. Corry, 77 Pa. 109; Bockelcamp v. L. & W. V. R. R. Co., 232 Pa. 66; De Haas v. Penna. R. R. Co., 261 Pa. 499.

PER CURIAM, July 17, 1919:

The assignments of error urge but two questions; first, in admitting certain evidence as to the earning capacity of the plaintiff, and second, that the verdict was excessive. The charge of the court in submitting these questions was so satisfactory that no exception was taken to it. They were rightly and fairly submitted under rules laid down in many of our decisions: McLaughlin v. Corry, 77 Pa. 109; Yeager v. Anthracite Brewing Co., 259 Pa. 123; De Haas v. P. R. R. Co., 261 Pa. 499. The rule for a new trial was rightly discharged, and the judgment is affirmed.