# Young, Appellants, *v.* Pooley Furniture Company.

*Negligence—Damages—Present worth of future damages—Loss of earning power—Evidence—Sufficiency.*

In an action for damages for personal injuries, it is error for the trial judge to tell the jury to disregard the question of future earning capacity, where the plaintiff has suffered a substantial injury, even although at the time of the trial he is not earning less money than he had at the time of the accident.

The fact that an injured person remains in the same position he occupied before his injury was received at the same salary would be persuasive evidence tending to show his earning capacity had not been seriously impaired. The jury, however, may consider evidence showing his physical condition and the character of the work he performed, both before and after the accident, and award damages for loss of his earning power, if such evidence justifies the conclusion that such power had in fact been reduced as a result of the injury.

It is also error to charge the jury that the father of a minor child is entitled to "receive any loss of earnings this boy was making at the time, less any reasonable amount the father would be obliged under the law to use for the purpose of keeping his son during the time he was injured, and likewise some deduction for any amount he would be obliged to spend by reason of the loss of earning capacity up to the age of twenty-one." Such instruction would reduce the amount of the parent's verdict by the cost of maintenance deducted by the jury, and he would nevertheless still continue to be liable for the support of his son.

In an action for damages for personal injuries it is proper to admit in evidence a table showing present value of $1 per week, payable weekly over a given number of years from 1 to 50 years, upon the basis of six per cent. This is merely a value table with no element of insurance or expectation of life and there is no harm in admitting it.

Argued May 2, 1924. Appeals, Nos. 101 and 102, Oct. T., 1924, by plaintiffs, from judgment of C. P. No. 1, Phila. Co., June T., 1923, No. 756, on verdict for plaintiffs in the case of William Young by his father and next friend, George J. Young, and George J. Young in his own right, v. Pooley Furniture Company. Before HEN-

484, (1924).]   Arguments—Opinion of the Court.

DERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Trespass to recover damages for personal injuries. Before BARTLETT, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff, William Young, in the sum of $1,000, and for plaintiff, George J. Young, in the sum of $500 and judgment thereon.  Plaintiffs appealed.

*Errors assigned* were the charge of the court, various rulings on evidence and refusal of plaintiffs' motion for a new trial.

*William Charles Brown,* for appellant.—The instructions of the court in regard to the loss of earning power were erroneous: Kerr v. Frick, 255 Pa. 452; Yeager v. Brewing Co., 259 Pa. 123; Clark v. Butler Junction Coal Co., 259 Pa. 262; Piper v. Adams Express Co., 270 Pa. 54.

The court erred in excluding the present value titles: Faber v. Gimbel Bros, 264 Pa. 1; Windle v. Davis, 275 Pa. 23.

*J. W. Jones,* and with him *Ralph N. Kellam,* for appellee.

OPINION BY TREXLER, J., July 2, 1924:

The plaintiff's minor child, who was between 16 and 17 years of age at the time of the accident, was injured while in the employ of the defendant company.  The particular act in which he was engaged was oiling a machine when in motion.

The first assignment of error is directed to the charge of the court.  It stated as follows: "He (the father) would likewise be entitled to receive any loss of earnings this boy was making at the time, less any reasonable

amount the father would be obliged under the law to use for the purpose of keeping his son during the time he was injured, and likewise some deduction for any amount he would be obliged to spend by reason of the loss of earning capacity up to the age of twenty-one." The court further on stated: "He is obliged to pay a reasonable amount to keep his son, and that must be deducted." We are not exactly clear as to what the court meant by this instruction; for whatever loss occurred, if any, to the earning capacity of the boy up to the age of twenty-one by reason of the accident the parent was entitled to receive compensation. The son being still in being, the duty of supporting him still remained. If the son had been killed, then of course the duty to support would die with him and the father would be required to allow as against the loss sustained by being deprived of the son's entire future earnings, the estimated cost of maintenance. In the present case if the cost of maintenance were deducted from the father's claim he would pay for the support of his son twice, once by the deduction which was made in the verdict and second by the actual support required by the son. We think the learned trial judge inadvertently introduced an element into the case which was not proper.

The second assignment is directed to that part of the charge in which the court charged the jury as follows: "There is no evidence, members of the jury, produced here to show the injury which was sustained by the plaintiff, and which is permanent, will affect his earning capacity in the future. So, I charge you, therefore, as a matter of law in this case, the question of the length of life, or that of the value of one dollar, has no application here by reason of the fact the plaintiff has failed to establish that the injury, although permanent, has in any way or will in any way in the future affect his earning capacity. So, that question of damage may be disregarded by you if you come to the conclusion the defendant is responsible in this case." This instruction

put the question of damages for loss of earning power entirely out of the case. The testimony was that before the accident the boy had earned $14.95 per week, that after the accident he had some difficulty in procuring employment by reason of the fact that upon physical examination several companies did not care to have him, but finally he secured employment at which he made $15.40 per week. It is very evident that if the amount actually earned before and after is the only criterion the boy's earning capacity was not affected by the accident. There was testimony, however, that there was injury to his leg and that injury was permanent or likely to remain so, that there was an interruption in the continuity of the nerves of the leg and in consequence, pressure on the foot for some hours would result in great discomfort. Under the authorities, the jury is not confined to the mere wages received before and after the accident. The jury has a right to consider the capacity of the plaintiff to work after the accident in comparison to his capacity before. As was stated in the case of Kerr v. Frick, 255 Pa. 452, where there was no attempt made to show the loss of profits or earnings by reason of injury received but the customary wages paid one in plaintiff's employment appeared, the court held that the physical impairment and the permanence of injury afforded a criterion for the jury to work out the damage and they would be required to call upon their observation, experience and intelligent judgment in arriving at a conclusion. In Yeager v. Anthracite Brewing Company, 259 Pa. 123, the plaintiff received the same wages per week after the accident as before and for that reason it was claimed there would be no loss of earning power or capacity. It was held p. 128, citing McLaughlin v. Corry, 77 Pa. 109, "the earnings of the plaintiff, subsequent to the injury, are, as compared with his earnings prior to the injury, evidence, but not conclusive, as to whether his earning power has been diminished by reason of the injury resulting from the accident......The fact that he

was receiving at the time of the trial the same wage he had received previous to his injury was no assurance that in the future he would receive the same wage for similar employment, or that his injured condition would not compel him to accept a much smaller remuneration for labor which he could perform." To the same effect are Clark v. Butler Junction Coal Co., 259 Pa. 262 and Piper v. Adams Express Company, 270 Pa. 54. In the latter case the law is stated thus: "The fact that an injured person remains in the same position he occupied before his injury was received at the same salary would be persuasive evidence tending to show his earning capacity had not been seriously impaired. The jury, however, may consider evidence showing his physical condition and the character of the work he performed both before and after the accident, and award damages for loss of his earning-power, if such evidence justifies the conclusion that such power had in fact been reduced as a result of the injury: Bockelcamp v. Lackawanna, etc. R. R. Co., 232 Pa. 66; Yeager v. Anthracite Brewing Co., supra." We do not think the case of Zimmerman v. Weinroth, 272 Pa. 537, affects the authority of the cases which we have just cited. It is there held that where there is no proof as to the value of the services before or after the injury, the question of loss of earning power becomes mere guesswork or conjecture; the loss of earning power and its amount must appear by proof and not left to mere conjecture. In the case before us we have what the boy earned before and what he earned thereafter and proof of the impairment of his physical powers. The jury, therefore, having these facts before them could arrive at some conclusion, as to how far the impairment of his physical capacity might affect his future earnings.

The third assignment is to the exclusion of the present value tables. It seems it was admitted there was a permanent disability and we think the table showing the present value of $1.00 per week, payable weekly over a

given number of years from 1 to 50 years upon the basis of 6% might be of aid to the jury in arriving at the amount of the loss. It is merely a value table. There is no element of insurance or expectation of life in it. There should have been no harm in admitting it: Faber v. Gimbel Brothers, 264 Pa. 1, 5; Windle v. Davis, 275 Pa. 23, 28.

The fourth assignment is directed to the refusal of the learned trial judge to admit a photograph showing the condition of the injury to plaintiff's leg. The injury occurred on March 9, 1923, and the photograph was taken March 27th. The photograph was properly identified and truthfully and fairly represented the boy's leg at the time of the examination. As the picture of the injury may furnish corroboration of plaintiff's story and throw light upon the extent of the injury before it was concealed by skin grafting, we see no reason why the photograph was excluded.

The judgment is reversed with a venire.