# Hasse, Appellant, *v.* McCown.

*Negligence—Automobiles—Collision—Charge of court—Permanent impairment of earning capacity—Measure of damages.*

In an action of trespass to recover damages for personal injuries, it is error for the court to charge the jury that, because the plaintiff was receiving the same salary as before the accident, they could not say that his earning capacity had been impaired.

Where, in such a case, it appeared that prior to the accident the plaintiff worked regularly, in the discharge of the duties of his position, for seven hours a day; that after the accident he was not able to work more than two or three hours a day; that it had been necessary to have part of the work which it had formerly been his duty to perform, done by other employees; and that his condition was due to the accident, there is sufficient evidence to warrant a finding that plaintiff's earning capacity had been permanently impaired.

The fact that the plaintiff was receiving at the time of trial the same salary he had received previous to his injury was no assurance that in the future he would receive the same for similar employment. The plaintiff had the right to have the jury consider the evidence showing his physical condition and the character of the work which he performed both prior to and since the accident. If this justified the conclusion that as a result of the accident his

future earning power had been reduced, they could award him damages accordingly, taking into consideration the fact that he had down to the time of the trial been receiving the same salary which he had previously earned.

Argued October 15, 1926.  Appeal No. 186, October T., 1926, by plaintiff, from judgment of C. P. No. 3, Philadelphia County, June T., 1924, No. 1743, in the case of Edward J. Hasse v. Helen Gay McCown.  Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.  Reversed.

Trespass to recover for personal injuries.  Before DAVIS, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1,875 and judgment thereon.  Plaintiff appealed.

*Errors assigned,* were among others, the charge of the court and refusal for plaintiff's motion for a new trial.

*Thomas F. Gain,* and with him *Carlos Berguido, Jr., A. Carson Simpson,* and *Brown & Williams,* for appellant.—Plaintiff was entitled to recover for loss of earning power: McCaffrey v. Schwartz, 285 Pa. 561; Piper v. Adams Express Co., 270 Pa. 54; Yeager v. Anthracite Brewing Co., 259 Pa. 123; Bockelcamp v. Lackawanna, etc., R. R. Co., 232 Pa. 66; McLaughlin v. Corry, 77 Pa. 109; Young v. Pooley Furniture Co., 83 Pa. Superior Ct. 434.

*Benjamin O. Frick,* for appellee, cited: McCrosson v. P. R. T. Co., 283 Pa. 492.

OPINION BY PORTER, P. J., December 10, 1926:

This is an action to recover for personal injuries alleged to have resulted from the negligence of the defendant in so operating her automobile as to cause

it to come into collision with a car in which the plaintiff was riding. The plaintiff recovered a judgment in the court below, but here assigns for error certain rulings of the court relating to his right to recover for loss of earning power in the future.

The plaintiff was and is treasurer of the Crew Levick Company. Walter W. Martin, the assistant secretary of the same company, was called as a witness and testified fully as to the physical condition of the plaintiff and the amount of work he did both before and subsequently to the accident. This witness was then interrogated as to whether the company employing the plaintiff had a pension system and, after stating that the company had such a system, he was interrogated as to the operation of said system. He testified that there was no age limit at which an employe was entitled or compelled to retire. His testimony taken as a whole did not tend to establish that there were any fixed rules with regard to the system, nor did it tend to establish that an employe who had served for any definite period was entitled to retire upon a pension or to receive a pension when discharged. He stated that the system was "dependent entirely upon ability or service." In another place he said: "It is not a matter of age; it is a matter of ability to work." He was then asked the question: "Q. In the operation of that pension system, if a man's ability to perform his work were reduced relatively from seven hours a day to two hours a day, would he be required to retire on pension?" "A. He would be, yes." When asked by the court: "Q. Wouldn't he have any option about it?" "A. No, that would be at the discretion of the officials of the company." It thus appeared that the whole matter of whether an employe should be retired on pension was discretionary with the officials of the company. He testified that no action had been taken with regard

to the retirement of the plaintiff. The date at which this witness was testifying was more than two years after the occurrence of the accident, yet no steps had been taken to cause his retirement. After having thus testified as to the pension system this witness was asked the question: "Q. Mr. Martin, are you able to say what effect, if any, Mr. Hasse's decreased working capacity, as you have described it, will have upon the question of his retirement on pension?" This question was objected to by counsel for the defendant, which objection the court sustained and the plaintiff excepted to the ruling. We are of the opinion that the objection was properly sustained. It was altogether proper to permit this witness to testify as to the physical condition of the plaintiff, both before and after the accident, but to permit him to testify as to the manner in which the officers of the company might exercise their discretion to retire him would have been too indefinite, problematical and speculative to give any basis for the ascertainment of damages resulting from the accident. The first assignment of error is overruled. The plaintiff had received after the accident and down until the time of the trial the same salary which he had been previously paid. There was no evidence that he had lost any wages in the past. The second assignment of error is without merit.

The third assignment complains of the instruction of the court to the jury as to the right of the plaintiff to recover for loss brought about by the impairment of future earning capacity. There was evidence in this case which would have certainly warranted a finding that prior to the accident the plaintiff worked regularly, in the discharge of the duties of his position, for seven hours a day; that after the accident he was not able to work more than two or three hours a day, and that it had been necessary to have part of

the work which it had formerly been his duty to perform, done by other employes. Dr. Berens testified that the present condition of the plaintiff was due undoubtedly to the accident. The testimony would have certainly warranted a finding of the permanent impairment of earning capacity; of ability to do the same amount of work. The learned judge of the court below charged the jury as follows: "But there is no evidence in this case that the plaintiff, Mr. Hasse, will go upon the pension roll at a reduced salary, nor that he will be discharged by the company by whom he is employed, nor that he will be obliged to resign. While his ability to do as much in the future may not be as great as it was prior to the injury, yet if he is receiving the same money for doing less than he did before, I cannot charge you that there has been any evidence of diminution of earning power." There was evidence in this case that the plaintiff's strength was much impaired, and that he was permanently unable to do as much work, or all the kinds of work which he did before the accident. The fact that he was receiving at the time of the trial the same salary he had received previous to his injury was no assurance that in the future he would receive the same for similar employment. The plaintiff, under the evidence in this case, had the right to have the jury consider the evidence showing his physical condition and the character of the work which he performed both prior to and since the accident, and if this justified the conclusion that as a result of the accident his future earning power had been reduced, they could award him damages accordingly, taking into consideration, of course, the fact that he had down to the time of the trial been receiving the same salary which he had previously earned: Yeager v. Anthracite Brewing Co., 259 Pa. 123; Piper v. Adams Express Co., 270 Pa. 54; McCaffrey v. Schwartz, 285 Pa. 561; Young v. Pooley.

Furniture Co., 83 Pa. Superior Ct. 434. The learned judge, in his charge, gave undue weight to the fact that the plaintiff had been receiving the same salary after the accident that he did before the occurrence. The third assignment of error is sustained.

The judgment is reversed and a venire facias de novo awarded.