# McCullough v. Holland Furnace Co., Appellant.

*Negligence—Damages—Evidence—Earning power—Magician in theater — Opinion witness — Best evidence rule—Preliminary inquiry—Discretion of court—Appeals.*

1. The value of personal services may be established by proof of what was done and by proof of relevant facts calculated to show the real value of the services.

2. A person who is familiar, although only in a general way, with the value of services may state his estimate as to such value, and the proof need not be clear and indubitable to entitle it to go to the jury.

3. In order to determine earning capacity, recourse may be had to the general value belonging to things of a given class, in order to infer the worth of a particular member of that class.

4. One experienced and familiar with a certain trade or line of work may give his opinion as to the sum a duly qualified plaintiff may earn.

5. Whether the knowledge of a witness justifies the admission of his testimony is a matter for preliminary inquiry by the trial court, being largely a question within its discretion and the affirmative determination as to competency will not be interfered with by the appellate court except in cases of clear error.

6. In an action to recover damages for loss of earning power, where it appeared that plaintiff earned his living by performing as a magician in theaters, and that his compensation was usually fixed by contract or arranged, not necessarily in writing, before

the performance, a witness properly qualified may testify as to the market value of such services.

7. In such case where plaintiff testified that he earned on the average a certain amount per week in towns of a stated size, where he usually performed, a manager of a theater in such a town, who was acquainted with plaintiff, and had seen him act, may express his opinion as to plaintiff's earning power in the towns in question.

8. Such evidence does not fall within the best evidence rule, and, although secondary in character, cannot be excluded on that ground.

Argued March 20, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 56, March T., 1928, by defendant, from judgment of C. P. Lawrence Co., Sept. T., 1926, No. 154, on verdict for plaintiff, in case of Foster N. McCullough v. Holland Furnace Company. Affirmed.

Trespass for personal injuries. Before PRATHER, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $5,915. Defendant appealed.

*Error assigned,* inter alia, was ruling on evidence referred to in opinion of Supreme Court.

*J. Norman Martin,* of *Martin & Martin,* for appellant. —Charles Krantz was not competent to testify and his testimony was not competent.

Parol evidence can not be given of a fact in relation to which there exists a contract in writing: McKinney v. Leacock, 1 S. & R. 27; Farmers Bank v. Whitehall, 16 S. & R. 89; Bryant v. Stillwell, 24 Pa. 314; Brown v. Burr, 160 Pa. 458.

The testimony of the witness did not show that he had knowledge of or was an expert on the matter of compensation received by magicians throughout the United

States: Hoover v. Reichard, 63 Pa. Superior Ct. 517; McCarthy v. Ry., 211 Pa. 193; Simpson v. R. R., 210 Pa. 101.

*W. Walter Braham,* of *Aiken & Braham,* for appellee. —The point at issue in situations such as that before the court is the loss of earning power of the plaintiff; it is not merely loss of wages: Yeager v. Brewing Co., 259 Pa. 123; McLaughlin v. City of Corry, 77 Pa. 109; Wensel v. S. Supply & Equip. Co., 72 Pa. Superior Ct. 56.

The burden is on plaintiff to show his earning power before and after the accident: McKenna v. Gas Co., 198 Pa. 31; McHugh v. Schlosser, 159 Pa. 480.

The question whether the witness was sufficiently qualified to testify as to the earning power of plaintiff was a question for the discretion of the trial court: Allegro v. Ins. Co., 268 Pa. 333; Ryder v. Jacobs, 182 Pa. 624; White v. R. R., 222 Pa. 534; Del. & Chesapeake Steam Towboat Co. v. Starrs, 69 Pa. 36.

The witness was clearly competent to testify as to plaintiff's earning power: DeHaas v. R. R., 261 Pa. 499; Wensel v. Equipment Co., 72 Pa. Superior Ct. 56.

OPINION BY MR. JUSTICE SADLER, April 9, 1928:

McCullough, the plaintiff in this case, was injured in a collision with the motor truck of the Holland Furnace Company, defendant, and brought an action to recover the damages sustained. A verdict was rendered in his favor, upon which judgment was entered, and this appeal followed. The only assignments of error referred to in the statement of questions involved, and pressed on argument, relate to the admission of the testimony of one Krantz, who gave evidence as to the earning capacity of plaintiff, and to this complaint alone reference need be made in disposing of the present controversy.

The plaintiff had followed for 35 years the profession of magician. He took with him his own company, playing during the winter in various theaters, and engaging

in open air performances during the summer in Florida and elsewhere. He testified that his rate of pay in the various cities where exhibitions were held was usually fixed by contract, or special arrangement with the houses where he was employed. His average earnings, after paying his assistants, amounted to $200 a week, and net compensation of this amount had been earned by him for a considerable period of time.

Krantz, called as a witness to show earning capacity of the plaintiff, was the manager of one of the principal theaters in New Castle, Pa. He had known McCullough for several years, and was acquainted with the character of work performed by him, and on at least two occasions had seen his exhibition. He was permitted to testify as to the rate of pay usually earned by magicians, giving performances similar to that of plaintiff, in cities of the approximate size of New Castle, the latter having stated that the compensation received in communities of like population was the average sum received by him. He testified that though performers of the character of plaintiff were usually hired on a contract basis, yet there was a general market price in the theatrical profession for such acts as supplied by him, and that the minimum compensation in cities comparable to the one mentioned would be $350 for three days and $600 for a full week. From this amount the cost of assistants and other expenses, already fixed by McCullough, must be deducted. The offer of this evidence was objected to on the ground that all of the towns in which plaintiff appeared were not of the same size as New Castle, some being larger and others smaller, and, further, because of the limited number of times in which the witness had seen plaintiff perform.

It was competent for plaintiff to prove the value of the services which he was able to furnish and customarily supplied. This amount, taken in connection with evidence of his reduced capacity to earn after the accident, gave to the jury data upon which to base an

estimate of one element of his loss. "In addition to a detailed statement of what was done, the value of personal services may be established circumstantially by proof of relevant facts calculated to show the real value of the services as charged": 22 C. J. 190. A person who is familiar, although only in a general way, with the value of services may state his estimate as to such value (22 C. J. 698), and the proof need not be clear and indubitable to entitle it to go to the jury: Simpson v. P. R. R. Co., 210 Pa. 101. So, as in the case cited, a witness having special knowledge of a plaintiff's business was permitted to state that plaintiff's services were worth five to ten thousand dollars a year, and, though such testimony was meager and indefinite, it nevertheless was held to be admissible. In order to determine earning capacity, recourse may be had to the general value belonging to things of a given class, in order to infer the worth of a particular member of that class: Thompson v. Boyle, 85 Pa. 477; Worden v. Connell, 196 Pa. 281; Blew v. Ryan Twp., 42 Pa. Superior Ct. 510; Wensel v. Standard Supply & Equipment Co., 72 Pa. Superior Ct. 56; Hale v. L. V. R. R. Co., 87 Pa. Superior Ct. 489. Testimony of this character is not conclusive, but is to be considered by the jury in connection with the other proven facts: Yeager v. Anthracite Brewing Co., 259 Pa. 123.

"Persons who follow a particular trade or line of work may be called as experts on questions relating to the value of such work, and may state whether or not certain charges are reasonable": Henry on Trial Evidence, 378. And one experienced and familiar with a certain trade or business may give his opinion as to the sum a duly qualified plaintiff can earn: DeHaas v. P. R. R. Co., 261 Pa. 499. The witness may state relevant facts known to him, because of experience, even though he is not regarded as an expert whose opinion would be admissible on a hypothetical inquiry: Com. v. Blankenstein, 81 Pa. Superior Ct. 340. If he has any reason-

able pretension to specialized knowledge on the subject under investigation he may testify, and the weight to be given to his evidence is for the jury: Ardesco Oil Co. v. Gilson, 63 Pa. 146; Stocker v. Schneider, 228 Pa. 149. "The test applied must not set the standard of qualification so high as to exclude the only available kind of testimony ordinarily obtainable in such cases": White v. R. R. Co., 222 Pa. 534, 537. Whether the knowledge of the witness justifies the admission of his testimony is a matter for preliminary inquiry by the trial court, being largely a question within its discretion, and the affirmative determination as to competency will not be interfered with by this court except in cases of clear error: Allegro v. Rural Valley Mut. F. Ins. Co., 268 Pa. 333; Ryder v. Jacobs, 182 Pa. 624; Stevenson v. Ebervale Coal Co., 203 Pa. 316.

McCullough had acquired a specialized calling as a magician, and his services were in demand by employers of that class of performers. There was a market value for the services such as he supplied. Krantz was in position to testify to the amount paid for similar work in theaters located in cities of the size of New Castle, and other testimony showed that the plaintiff exhibited usually in places having approximately the same population. His estimate, in connection with the testimony as to the amount of expenses paid the assistants, which should be deducted, was proper for the consideration of the jury, and no error was committed in receiving it.

An additional assignment was filed at the argument with leave of court. It is based on an objection to a question which was subsequently withdrawn. Assuming the matter is before us on proper exception, the complaint is without merit. It is urged that, since it appeared the pay for employment, of the character furnished by plaintiff, was customarily fixed by special contract, therefore evidence as to market value of such services was not admissible. This was not a suit upon a contract, nor is it averred that the arrangements, made

from time to time, had been reduced to writing, but merely that an agreement as to pay was made at each place where the performance was held. "Evidence relating to a matter which does not form the foundation of action or defense, but is collateral to the issue, does not properly fall within the best evidence rule, and, although secondary in its character, cannot be excluded on the ground that primary evidence is obtainable": 22 C. J. 978. "The rule that excludes secondary evidence in a contest with primary, does not mean that everything is secondary which is not of the highest grade of proof, but only that which discloses the existence of other evidence, the nonproduction of which may be supposed to be on the ground that if produced would work against the party offering it": Exrs. of Shoenberger v. Hackman, 37 Pa. 87, 93. The testimony did not show that there were written contracts fixing compensation for performances, but merely that special arrangements were made before each exhibition, a course customarily followed where any professional employment is undertaken. This practice did not render incompetent the testimony of Krantz as to the general market value, and the additional assignment filed is also overruled.

There was no contest in this case as to the negligence of defendant, and it was not argued before us that the verdict in plaintiff's favor was excessive. He lost the use of a hand essential to the proper conduct of his professional work, and was entitled to recover for the loss which he sustained. No trial error has been pointed out which would justify our interference.

The judgment is affirmed at the cost of appellant.