Richard B. Folk *v.* Lewis Schaeffer, William S. Merkel and John Bertolette, trading as Schaeffer, Merkel & Co., Appellants.

*Negligence—Contributory negligence—Province of court and jury.*

In an action by a workman against his employers, a partnership, to recover damages for personal injuries, it appeared that the plaintiff at the time of the accident was on an elevated platform assisting in placing a hood on the top of a smokestack. The work preliminary to hoisting the hood was done under the supervision of one of the defendants, who gave directions as to the size of the timber to be selected from a pile in the yard, as to the ropes to be used for guys, and who tied the knot which slipped and caused the accident. While there was no direct proof of want of care in tying the knot, yet it could have been made secure without difficulty. Plaintiff testified that he stood in the proper place to adjust the hood on the stack when it was raised to the proper height. It appeared that one of the other ropes had a few minutes before become slack, and he stopped the men engaged in raising the hood, and tightened the rope. *Held*, (1) that under the circumstances shown by plaintiff the burden was on the defendants to prove that due care had been used, and that in the absence of any explanation the jury might infer want of care; (2) that plaintiff could not in the emergency which suddenly arose have been charged with knowledge of impending danger.

Argued Feb. 28, 1898. Appeal, No. 450, Jan. T., 1897, by defendants, from judgment of C. P. Berks Co., August T., 1894, No. 76, on verdict for plaintiff. Before STERRETT, C. J., GREEN, McCOLLUM, DEAN and FELL, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before ENDLICH, J.

The facts appear by the opinion of the Supreme Court, and by the previous report of the case in 180 Pa. 613.

Defendants' points and the answers thereto among others were as follows:

11. There is no testimony in the case from which the jury could find that the defendants were guilty of negligence. *Answer:* Declined. [1]

12. The plaintiff's own testimony shows that the accident occurred through his negligence. *Answer:* Declined. [3]

13. Under all the testimony in the case the verdict must be for the defendants. *Answer:* Declined. [2]

Verdict and judgment for plaintiff for $2,162.50. Defendants appealed.

*Errors assigned* were (1–3) above instructions, quoting them.

*Cyrus G. Derr*, with him *D. Nicholas Schaeffer*, for appellants.—The mere fact of an accident occurring is not evidence of negligence, and in this case the breaking of the apparatus constructed for the purpose of raising the iron hood to the top of the smokestack, without any evidence of faulty construction, was insufficient to have warranted the court in submitting the matter to the jury: Easton v. Neff, 102 Pa. 478; Mixter v. Imperial Coal Co., 152 Pa. 396; Baker v. Allegheny Valley R. R., 95 Pa. 215; Prescott v. Ball Engine Co., 176 Pa. 464.

When an employee, after having the opportunity of becoming acquainted with the risks of his situation, accepts them, he cannot complain if subsequently injured by such exposure: Brossman v. Lehigh Valley R. R., 113 Pa. 498; Nuss v. Rafsnyder, 178 Pa. 397; Bemisch v. Roberts, 143 Pa. 8.

This case, on the question of contributory negligence, is very similar to the case of Kinney v. Corbin, 132 Pa. 347; Sykes v. Packer, 99 Pa. 465.

*J. H. Jacobs*, with him *Rothermel Bros.* and *H. P. Keiser*, for appellee, cited Dixey v. Phila. Traction Co., 180 Pa. 401; Mansfield Coal & Coke Co. v. McEnery, 91 Pa. 185; Prescott v. Ball Engine Co., 176 Pa. 459; Clark v. Soule, 137 Mass. 387; VanDusen v. Letellier, 78 Mich. 502; Bessex v. Ry. Co., 45 Wis. 482; Woodward v. Shumpp, 120 Pa. 458; Rummell v. Dilworth, 111 Pa. 343; Rummel v. Dilworth, 131 Pa. 509.

OPINION BY MR. JUSTICE FELL, May 23, 1898:

When the record of a previous trial of this case was before us the judgment was reversed because of the admission of what we considered irrelevant testimony, but we then expressed the opinion that the case could not have been taken from the jury. See 180 Pa. 613. The testimony at the second trial was substantially the same as that at the first, and all of the specifications of error relate to the refusal of the court to give peremptory instructions for the defendants.

The plaintiff was on an elevated platform assisting fellow-workmen in raising from the ground, sixty feet below, a hood which was to be placed on the top of a smokestack. The block and tackle in use were fastened to the top of a piece of timber fourteen feet long and four inches square, which stood on the platform, and was held in place by guy lines. One of the guy lines consisted of two pieces of rope tied together. The knot by which they were tied became undone or slipped, and the weight of the hood drew the timber against the stack, and the plaintiff, who was standing under the block and tackle, was struck and thrown to the ground. The work preliminary to hoisting the hood was done under the supervision of one of the defendants, who gave directions as to the size of the timber to be selected from a pile in the yard, as to the ropes to be used for guys, and who tied the knot which slipped and caused the accident. There was no direct proof of want of care in tying the knot, and the conclusion that it was improperly tied was an inference from the fact that it came untied. Ordinarily an accident would not have happened as this did if care had been exercised in tying the ropes. There was no difficulty in making them secure. Under the circumstances shown by the plaintiff the burden was thrown on the defendants to show that due care had been used, and in the absence of any explanation the jury might infer want of care. The defendants were not bound satisfactorily to explain the cause of the accident, but they were bound to rebut the presumption of negligence arising from the attendant circumstances.

The question of contributory negligence was one for the jury. The court could not have declared that the plaintiff was negligent in standing where he did on the platform. He testified that he was where he should have been in order to place the hood on the stack when it was raised to the proper height. That one of the other ropes had a few minutes before become slack was notice to him at that time that there was danger of some kind, and he stopped the men engaged in raising the hood and tightened the rope. Whether the slacking of that rope was due to the slipping of the knot in the main guy or to some unexplained cause was not made clear at the trial, and the plaintiff could not, in the emergency which suddenly arose, have been charged with knowledge of impending danger. Whether

the slacking there indicated the dangerous condition which subsequently resulted in the accident, and if so whether the plaintiff in the position in which he was then placed should have taken notice of the danger, were not matters for decision by the court.

The judgment is affirmed.