## Fitzpatrick *v.* Alvo B. Bates, Trading as Fidelity Coal Company and James J. Whelan Company, Appellant.

*Trials—Judgments—Mistake in entry of judgment—Power of court to reverse—Judgment non obstante veredicto—Act of April 22, 1905, P. L. 286.*

In an action of trespass to recover damages for personal injuries the case was tried without a jury and, by mistake, judgment was entered for the defendant. The plaintiff filed a motion for judgment non obstante veredicto, although no written request for binding instructions was submitted. The court, within the term in which judgment had been entered, corrected its mistake and entered judgment for plaintiff.

In such case the correction of an error, made through mere inadvertance, was proper either within or without the term.

In trials without a jury the use of the motion for judgment non obstante veredicto is merely adopting a procedure equivalent to asking the court to enter judgment for the mover. Such a motion does not come under the provisions of the Act of April 22, 1905, P. L. 286, for there is no jury and no verdict. It may be a convenient method of keeping the judgment in suspension in order to give the court an opportunity to review the case, but if resorted to does not deprive the court of its control of the judgment during the term, even if the provisions of the act are not strictly followed.

Argued October 7, 1927. Appeal No. 69, October T., 1927, by defendant from judgment of M. C. Philadelphia County, March T., 1926, No. 916, in the case of Frederick Fitzpatrick v. Alvo B. Bates, trading as Fidelity Coal Company and James J. Whelan Company, a corporation (James J. Whelan Company).

Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.   Affirmed.

Trespass for personal injuries.   Before BROWN, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court by mistake entered judgment for the defendant.   Subsequently, on motion, judgment was entered in favor of plaintiff in the sum of $177.25. Defendant appealed.

*Error assigned* was the judgment of the Court.

*Morton Z. Paul,* for appellant, cited: Standard Brewing Company v. The Knapp Company, Inc., 79 Pa. Superior Ct. 252; Waugaman v. Henry, 75 Pa. Superior Ct. 94; Gallner v. Adjustment, Inspection & Appraisal Co., 80 Pa. Superior Ct. 283; Butler Borough School Dist. v. Penn Twp. Dist., 64 Pa. Superior Ct. 208; Reichner v. Reichner, 237 Pa. 540; Hanick v. Leader, 243 Pa. 372.

*Herbert Welty,* and with him *William Nicholas,* for appellee.

OPINION BY TREXLER, J., December 15, 1927:

The suit was brought to recover damages occasioned by defendant's truck colliding with plaintiff's automobile.   The case was tried before the judge without a jury.   On December 2nd, the judge entered judgment for the defendant.   On December 6th, there was a motion and reason for a new trial filed and also a motion for judgment n. o. v.   On December 22nd, 1926, the court dismissed the rule for a new trial and entered judgment in favor of the plaintiff for $177.25.

The sole question, as stated by appellant, is: when counsel for the plaintiff has failed to file a written re-

quest for binding instructions, and judgment is entered against him, can the trial judge subsequently enter judgment n. o. v., against the defendants? The question, we think, is really whether the court on hearing the case without a jury can, after having entered judgment for the defendant by mistake, cure its error within the term by entering judgment for the plaintiff. The cases cited by the appellant as to the necessity for a written motion for binding instructions in order to have the right to ask for judgment n. o. v., do not help us. In proceedings where the trial is had by the judge without a jury, the motion for binding instructions is an anomaly, for the judge is not required to instruct himself. The use of the motion is merely adopting a procedure which in such cases is equivalent to asking the court to enter judgment for the mover. Merely calling it a motion for judgment ''notwithstanding the verdict'' does not bring it under the provision of the Act of April 22, 1905, P. L. 286, for there is no jury and no verdict. However ill named for the purpose, in cases tried without a jury, it may be a convenient method of keeping the judgment in suspension in order to give the court an opportunity to review the case, but if resorted to, it does not deprive the court of its control of the judgment during the term, even if the provisions of the above act are not strictly followed.

In the present case, the trial judge stated that his intention had been to enter judgment for the plaintiff, but through an error, clerical or otherwise, the judgment was entered for the defendant. The general rule is that no court can reverse or annul its decision for an error in law or fact after the term has ended, Betts v. Y. M. C. A., 88 Pa. Superior Ct., 568, but there are cases where through inadvertance, the court made a mistake in entering judgment for the wrong party, the error was rectified even after the term. Stephens v. Cowan, 6 Watts, 511; King v. Brooks, 72 Pa. 363. As

the action of the court in the present case was within the term, it had the undoubted right to correct the mistake it had made.

The judgment is affirmed.