## Tingle *v.* Curtis-Martin Newspapers, Inc., Appellant.

538

Argued May 14, 1935. Before SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Wm. J. MacCarter, Jr.,* with him *Guy G. deFuria,* for appellant.

*William R. Toal,* with him *William Taylor,* for appellee.

PER CURIAM, May 27, 1935:

Plaintiff sued and recovered damages for personal injuries alleged to have been sustained when he was run down by a truck of defendant, then being operated on its behalf. Defendant now appeals and alleges four basic errors: (1) In submitting to the jury the question of defendant's negligence; (2) In not instructing the jury

that plaintiff was guilty of contributory negligence; (3) In refusing defendant's motion for a new trial; and (4) In permitting any recovery for plaintiff's alleged loss of earning power.

Notwithstanding the earnest argument of defendant's counsel, and, as shown by the printed record, his able presentation of the evidence to the jury, we do not find any sufficient reason for reversing the judgment. Appellant's principal difficulty appears to be that it believes we are required to reverse the judgment if we think the weight of the evidence was with the defendant. The law is not so. If convinced, as in this case we are, that there was substantial evidence from which, if believed, the jury could properly find a verdict for plaintiff; that there were no mistakes at the trial by which it may have been misled in that finding; and the trial court in banc has sustained its verdict; ordinarily we do likewise. "Trial by jury shall be as heretofore, and the right thereof remain inviolate," cannot otherwise be given its full constitutional effect. A careful consideration of the record fails to disclose any reason why, in the instant case, we should do otherwise here. It must not be supposed that, by the foregoing, we mean we should give no heed whatever to the weight of the evidence. Every court should, so far as may be, give due weight thereto, whenever the excess thereof is so great as to clearly determine the matter in favor of one of the litigants; not forgetting, however, that this duty is primarily cast on the jury, and it, being drawn from the body of the county, as the witnesses usually are also, generally can best understand the motives which will actuate them in giving their testimony, and hence can best weigh what they have said. And not forgetting also that the record comes to us with the approval of the court of first instance, that also saw and heard the witnesses, as we did not, and hence are generally better qualified to guage their testimony than we are. For these reasons we dismiss the first three of the foregoing alleged errors.

The fourth of those alleged errors is equally inefficacious but for a different reason. Before plaintiff was hurt he had for a number of years worked all the year round. In the winter he received $21 a week, before the accident, as he did also after October, 1932, when he was first able to work after the accident, though his right leg was shortened over three inches, and had been so injured that its use might and probably would result in a later permanent increase in the injury, making it a perpetual burden to him. In the summer, however, where previously he had been steadily employed at $31 a week, since the accident he has never been able to work at all, and probably never will be. These matters furnished ample reason for submission to the jury of the question now under consideration.

In Leonhardt v. Green, 251 Pa. 579, we decided that: "The test is whether or not the capacity to earn has been diminished as a result of the injury." In Piper v. Adams Express Co., 270 Pa. 54, 61: "The true basis of such claim is not for loss of earnings, but for loss of earning power occasioned by the injury, and the difference between the earnings before and after the injury is merely an item of evidence to be considered by the jury, in connection with other evidence, in determining the extent, if any, the earning power has been reduced: McLaughlin v. Corry City, 77 Pa. 109; Bockelcamp v. Lackawanna, etc., R. R. Co., 232 Pa. 66. The fact that an injured person remains in the same position he occupied before his injury was received, at the same salary, would be persuasive evidence tending to show his earning capacity had not been seriously impaired. The jury, however, may consider evidence showing his physical condition and the character of the work he performed both before and after the accident, and award damages for loss of his earning power, if such evidence justifies the conclusion that such power has in fact been reduced as a result of the injury: Bockelcamp v. Lackawanna, etc., R. R. Co., supra; Yeager v. Anthracite Brewing Co., 259 Pa. 123." For this reason

we also overrule the fourth of the foregoing objections in this court.

The judgment of the court below is affirmed.