Devereaux *v.* Caldin, Admr., Appellant.

Argued April 30, 1937. 

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-
FELD, PARKER, JAMES and RHODES, JJ. 

*Samuel G. Wagner,* with him *John D. McIntyre* and
*R. Pierson Eaton,* for appellant.

*William Glassman,* with him *Frank J. Lyons,* for
appellee.

OPINION BY STADTFELD, J., July 15, 1937:

This is an appeal from judgment entered in the
Common Pleas Court of Warren County in an action of
trespass for personal injuries arising out of an auto-
mobile accident.

On the evening of October 6, 1933, Ralph Caldin, the
decedent, was driving his automobile with William
Devereaux, the plaintiff, as a guest passenger on the
road leading from Waterford to Erie.

The road was a concrete pavement of sixteen feet
in width with a five foot berm. For a distance of two
and one-half miles the road was perfectly level. It
was a very bad night for driving, being very foggy.
Intermittently a driver would run into a fog bank and
then it would be clear. Caldin, who was driving at ap-

proximately thirty-five to forty miles per hour, passed a car driven by Carl Wunch in the same direction. Wunch was driving at a speed of approximately thirty to thirty-five miles per hour. About a quarter to a half mile after passing Wunch's car, Caldin drove off the highway to his right and into the fields adjoining, going over an embankment of about two feet in height, where the car turned a forward somersault, landed on its wheels, and finally came to rest. The car traveled a distance estimated by various witnesses of approximately one hundred fifty feet to one hundred seventy-five feet after leaving the highway.

As a result Caldin was killed and Devereaux, the plaintiff, was seriously injured.

The defendant introduced no evidence to contradict the facts above recited, and the only evidence introduced by the defendant related merely to the question of damages. The trial resulted in a verdict of $2,419, upon which judgment was entered. A motion for judgment non obstante veredicto was overruled in an opinion by ARIRD, J. This appeal followed.

The only assignment of error relates to the refusal of judgment n.o.v. Quoting from *Muehlhof v. Reading Co.,* 309 Pa. 17, 19, 162 A. 827 : "In reviewing the denial of a motion for judgment n.o.v., the testimony must be read in the light most advantageous to the plaintiff, all conflicts therein being resolved in his favor, and he must be given the benefit of every fact and inference of fact, pertaining to the issues involved, which may reasonably be deduced from the evidence." To same effect see *Stevenson et al. v. Sarfert,* 310 Pa. 458, 165 A. 225.

Carl Wunch testified that he noticed the car which was later identified as Caldin's car drive past him at a speed approximately five miles an hour greater than his; that this car proceeded ahead of him at a greater speed than his, and at a quarter to

a half mile further up the road all of a sudden the tail light of that car seemed to jump up in the air, down again, and up in the air again. When Wunch arrived at the scene, he then noticed the car had gone over an embankment onto a freshly plowed or freshly dragged piece of ground on fields adjoining the right hand side of the highway, and that the car was at a distance of approximately seventy-five feet from the main highway. Upon examining the marks made by the car, he observed that the marks came off the highway on the berm gradually in a sloping line; that there was no sharp turn off as though the car had been forced off the highway or as if it had hit something that had forced the car off, but gradually led off the highway, and at the time there were no other cars in the vicinity. He estimated that the car traveled approximately one hundred fifty feet at an angle after leaving the concrete road.

Leo F. Mann, another witness, testified that the marks on the automobile indicated that it had turned over; that the roof on the driver's side was covered with dirt, the front end was all stove in, headlights and radiator smashed, all of which would indicate that the car went head first. Mr. Mann further testified that the marks of the automobile led off the highway gradually, off the berm and through a cinder cross road at right angles to the road and finally came to rest in the meadow about seventy-five feet after going through the cinder road. The car was on its wheels and sod was plowed in front of the car about one foot high.

Mr. Albert Boring, a State Highway Patrolman, testified that the car stood about seventy-five feet off the highway, and, upon examination of the ground, he noticed: "Scoops of ground where it had been dug out due to the car going over it." He described the scene of the accident that the highway was a straight stretch of road; that the field was about two feet lower

than the highway; that the embankment was rather steep and that a cinder path ran at right angles with the highway and was at the same level as the highway. The embankment to the cinder path was gradual in contrast to the steep embankment leading from the highway to the field.

Appellant offered no evidence of any kind to explain why the car driven by the defendant's decedent left the highway on a straight stretch of the road, going over an embankment and turning a forward somersault.

In *Maltz v. Carter,* 311 Pa. 550, 166 A. 852, the facts were very similar to the case at bar. In that case the car was traveling at a speed not more than thirty miles per hour. It was a cement road, sixteen feet wide, in good condition, and, at the place of the accident, straight. There was no other traffic on the road at the moment. Without warning, the car swerved and left the road on the right-hand side and struck a tree seven and three-tenths feet from the edge of the concrete and up an eighteen inch rise. The driver was killed and the plaintiff suffered permanent injuries. There, as in the case at bar, there was no dispute about the facts and no complaint was made of the decedent's driving before the time of the accident, and no evidence offered in explanation of the car's suddenly leaving the road. The court in approving the judgment for the plaintiff, said at page 553: "In *Shafer v. Lacock, Hawthorn & Co.,* 168 Pa. 497, 504 (32 A. 44), the rule is stated, that, 'When the thing which caused the injury is shown to be under the management of the defendants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendants, that the accident arose from a want of care.' The foregoing words from the Shafer case were quoted with ap-

proval by Mr. Justice SADLER, in *Durning et al. v. Hyman,* 286 Pa. 376, 379 (133 A. 568); and in *Gawronski v. McAdoo,* 266 Pa. 449 (109 A. 763), we said: 'Where a thing is shown to be under the management of defendant and the accident is such as in the ordinary course of things does not happen if proper care is used, the burden is on defendant to prove that the accident did not arise from want of care.' And see *Lesick et ux. v. Proctor,* 300 Pa. 347 (150 A. 618); *Latella v. Breyer Co.,* 87 Pa. Superior Ct. 325."

From the evidence introduced at the trial it is apparent that in view of the bad weather conditions prevailing, the car was being driven at a speed which was excessive under the circumstances, and that the driver did not have proper control of the car, as is shown by the fact that the car traveled a distance of at least one hundred and fifty feet after leaving the pavement before coming to a stop over a freshly plowed field. The question of speed was entirely for the jury, and whether the speed was excessive under the circumstances was also for them.

We find nothing which would warrant a reversal of the judgment.

The assignment of error is overruled and judgment affirmed.