## Saganowich et al. *v.* Hachikian, Appellant.

Argued December 1, 1943. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

*Howard S. Spering,* with him *James McG. Mallie* and *F. Rogers Donahue,* for appellant.

*Robert M. Bernstein,* with him *Milford J. Meyer* and *James C. Lanshe,* for appellees.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, January 3, 1944:

This is an action in trespass instituted by Joseph Saganowich, and two other plaintiffs who withdrew before trial, against the defendant, Charles Hachikian, trading as Hachik Bleach Company, to recover damages for personal injuries sustained by Saganowich. The latter, as custodian of the stockroom for Arcadia Knitting Mills, was in the process of opening an iron drum of liquid caustic soda, ordered and received from defendant, when the plug of the drum which, according to plaintiff, did not fit the tap-hole, suddenly "shot out", releasing some of the drum's contents under pressure. As a result of being sprayed by the caustic soda, Saganowich lost his sight in one eye. The jury rendered a verdict of $12,000, and defendant filed motions for judgment n. o. v. and a new trial. Upon refusal of both of these motions, defendant appeals.

On appeal from the refusal of the court below to grant judgment n. o. v., we must view the testimony in the light most favorable to the plaintiff and resolve all conflicts therein in his favor. The drum alleged to be defective was, admittedly, supplied by the defendant, and was owned by him; after the contents were consumed, the drum and plug were to be returned.

Externally, this drum was identical with others defendant had supplied. Normally, the plug would be eased out gradually by making twelve one-half turns, during which time the pressure of gas within the drum would slowly be dissipated. At the time of the accident, plaintiff had given the plug only one half-turn when it was forcibly expelled. At the trial it was demonstrated that the plug did not fit properly into the tap-hole in the drum. The threads did not catch, so that the plug fell directly into the hole rather than screw in as it should. Investigation after the accident disclosed that a piece of string had been tied around the plug's thread. An expert, testifying for the plaintiff, stated that if the plug had fitted properly and the threads had caught, the accident could not have happened. Evidence was also submitted which tended to show that the drum had not been moved from the date of delivery some six months prior to the accident until a short time before the plaintiff was injured. Nor was there testimony that it had been tampered with while stored in defendant's stockroom. A jury would therefore be warranted in finding that the drum and plug were defective at the time of delivery.

It was the duty of this defendant, as a supplier of chattels, to exercise reasonable care in making this drum of caustic soda safe for the use of those whom he supplied, and safe for those whom he should expect to be in the vicinity of its probable use. Restatement, Torts, Section 392. Sufficient credible evidence was produced in the instant case from which the jury could reasonably conclude that this defendant had negligently used a defective drum and plug, and that this breach of duty to plaintiff was the proximate cause of the accident. See *Ashby v. Phila. Electric Co.*, 328 Pa. 474, 478, 195 A. 887; *Bisson v. John B. Kelly, Inc.*, 314 Pa. 99, 170 A. 139.

Appellant relies on the well-known rule that plaintiff cannot recover where a defendant is liable for only one of two or more equally probable causes of an accident, and where the determination of the efficient cause is

merely guesswork. *Houston v. Rep. Ath. Assn., et al.,* 343 Pa. 218, 22 A. 715. We are all of the opinion, however, that no suggested cause for the present accident can reasonably be derived from the evidence, except that the defendant supplied the plaintiff's employer with a defective drum or plug. Although we agree that the evidence on which this plaintiff relies must so preponderate in favor of the basic proposition he is seeking to establish as to exclude any equally well-supported belief in any inconsistent proposition (*Whigham v. Metropolitan L. Ins. Co.,* 343 Pa. 149, 22 A. 704), the law does not require the elimination of every possible cause of the accident other than that on which plaintiff relies, but only such other causes, if any, as are fairly suggested by the evidence: *Biesecker v. Penna. R. R. Co.,* 276 Pa. 87, 90, 119 A. 821; *Kapuscianski et al. v. Phila. & R. C. & I. Co.,* 289 Pa. 388, 392, 137 A. 619. Proofs to a degree of absolute certainty are rarely attainable; it is sufficient that they be such as to satisfy reasonable minds. *Giordano v. Clement Martin, Inc., et al.,* 347 Pa. 61, 64.

Appellant also contends that it was error to permit the jury to consider future loss of earning capacity as an element of damages, since the injured plaintiff was making more money at the time of the trial than at the date of the accident. We cannot agree with this contention. Damages for loss of *earning capacity* arise out of an impairment of that capacity, and not out of loss of *earnings*. The earnings of the plaintiff subsequent to the injury, as compared with his earnings at the time of the injury, are merely evidence, but not conclusive evidence, as to whether his earning power has been diminished by the accident. The matter was clearly for the jury. See *Yeager v. Anthracite Brwg. Co.,* 259 Pa. 123, 102 A. 418; *Tingle v. C.-M. Newspapers, Inc.,* 318 Pa. 537, 179 A. 80.

We have carefully examined the defendant's other assignments of error, and find them devoid of merit.

Judgment of the court below affirmed.