Dillon *v.* William S. Scull Co., Appellant.

Argued October 7, 1948. Before RHODES, P. J.; HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Michael A. Foley,* for appellant.

*Thomas A. Galbally,* for appellee.

OPINION BY ARNOLD, J., March 15, 1949:

In this action of trespass for negligence the defendant offered no testimony, the court declined its point for binding instructions, and the jury found for the plaintiff. Judgment having been entered on the verdict, defendant appeals, assigning as error the refusal of its motion for judgment non obstante veredicto. Therefore the sole question is whether the evidence will sustain the jury's finding of defendant's negligence, giving the plaintiff the benefit of all reasonable inferences and deductions therefrom. We are of the opinion that the verdict and judgment should be sustained.

The defendant prepares coffee which it sells to retailers under the trade name of "Boscul Coffee." The

coffee is marketed by the defendant in glass jars and is vacuum packed,[1] so that some of the air in the jar is withdrawn. The glass container is sealed with a metal top having a rubber washer or gasket between the flange of the metal top and the glass. Atmospheric pressure of 14.7 pounds per square inch (at sea level) is, of course, exerted from all directions upon the glass container. To open the jar the lid or top must be pried off,[2] and when this is done the sound of air flowing into the container is heard. Since a portion of the air had been withdrawn from the jar, the pressure from without the jar was greater than the pressure from within.

Defendant-processor, the remote vendor, sold jars of this coffee to the Penn Fruit Company, which operated a retail store in Philadelphia.

The plaintiff visited this store, which was of the "self-serve" variety. She collected various groceries from the store shelves and placed them in a wire basket mounted on wheels. Among these items was a glass jar of defendant's Boscul coffee. She then wheeled the carrier to the aisle and counter where they were to be removed by her from the basket, checked, and the total price computed and paid.

The plaintiff placed her hand *on* the jar in order to lift it out of the basket. Her hand was not applied with any force, but the jar exploded and her hand was severely cut.

She testified that the explosion "was a loud noise like an automobile back firing." On this she was corroborated by the store manager, who described the sound as a "loud noise, which was an unusual noise." The

---

[1] The jar was offered in evidence and a similar package was given to the Court with the argument. The label on the container reads: "Boscul is vacuum-packed," and "Vacuum-Packed in Duraglas Jars."

[2] Directions on the lid read: "TO UNSEAL Pry up with bowl of kitchen tablespoon Pry 3 places" (which are indicated on the lid).

explosion *threw out* fragments of glass a distance of three feet from the basket or carrier; but the bottom of the jar, with some coffee in or on it, remained in the basket.

The evidence therefore sustained a finding that the explosion occurred from a force generated from within the container, and that this force was built up until it was greater than the atmospheric pressure and until it also exceeded the fracture or yield point of the glass container.

Coffee, being an inert substance, could not of itself cause the pressure and explosion. Therefore something, —something other than coffee, was packed in the contents of the jar. Whatever may have been this adventitious substance, it was placed in the container with the coffee before it left the defendant's plant. It could not have entered the jar after it was vacuum packed, for the evidence showed that the jar of coffee had a normal aspect, which would not have been true had the container been opened. It was the defendant's duty to use reasonable care and by proper inspection to prevent any such matter (which would generate gas and cause an explosion) being in the apparently inert substance which the plaintiff purchased, viz., coffee. The evidence amply demonstrated that the foreign material was in the jar. Defendant offered no explanation nor did it show what means it employed to prevent the happening of the event.

The appellant contends that the plaintiff merely showed the happening of an accident, and that the evidence did not disclose either how it happened or that it was the defendant's fault. With this we cannot agree. This is a case of the "proof of negligence by circumstantial evidence" (*Stanalonis, Admr., v. Branch Motor Express Company,* 358 Pa. 426, 57 A. 2d 866) where, under the evidence, the only reasonable conclusion is that the accident was caused by the negligence of the

defendant in the manner alleged. See *Sharble et al. v. Kuehnle-Wilson, Inc.*, 359 Pa. 494, 59 A. 2d 58; *Norris v. Philadelphia Electric Company*, 334 Pa. 161, 5 A. 2d 114. The instrumentality must be under the exclusive control of the defendant, and it must appear that in the ordinary course of experience no such result follows as that complained of: *Norris v. Philadelphia Electric Company*, supra.

Actually the whole doctrine,—and this is also true of res ipsa loquitur,—is but a rule of evidence which determines whose task it is to produce evidence, or, as Professor Wigmore phrases it, "who has the risk of non-persuasion." That is, first, whether, as a matter of law, the court determines under the rules of law that the circumstantial evidence is sufficient to take the case to the jury, and second, whether the jury is persuaded; for the jury *may* but *need not* find that the defendant did not use due care. In such cases the question is whether this risk of non-persuasion has been properly cast on the defendant, regardless of whether we use the term "presumption of fact" or "inference." See *MacDonald, Admrx., v. Pennsylvania Railroad Co.*, 348 Pa. 558, 36 A. 2d 492. ". . . the law does not require the elimination of every possible cause of the accident other than that on which plaintiff relies, but only such other causes, if any, as are fairly suggested by the evidence.": *Saganowich et al. v. Hachikian*, 348 Pa. 313, 316, 35 A. 2d 343. The evidence "must so preponderate in favor of the basic proposition he [the plaintiff] is seeking to establish as to exclude any equally well supported belief in any inconsistent proposition.": *De-Reeder et al. v. Travelers Insurance Company*, 329 Pa. 328, 334, 198 A. 45. Where the circumstantial evidence of the plaintiff is sufficient to take the case to the jury, the defendant is called upon to show, not necessarily the cause of the accident, but that the defendant exercised due care to prevent harm: *Durning et al. v.*

*Hyman,* 286 Pa. 376, 133 A. 568. The proof of negligence by circumstantial evidence has been applied in a wide variety of cases.[3]

In the instant case the thing which caused the injury was under the exclusive management and control of the defendant, for the "manufacturer was for all purposes in exclusive control of the . . . [container] and its contents, as its contents were undisturbed until it reached the consumer's hands. . . '. The particular dereliction is not shown, nor was it necessary; the negligent act is demonstrated by [the] showing. . . .": *Rozumailski v. Philadelphia Coca-Cola Bottling Co.,* 296 Pa. 114, 118, 145 A. 700.

The appellant contends that the jar which exploded was handled by many people after it passed from the possession of the defendant; but there is no evidence

---

[3] The rule has been applied to a fire originating from a fire pot, in repairing a roof: *Noah W. Shafer v. Lacock, Hawthorn & Co.,* 168 Pa. 497, 32 A. 44; see also *Trostel et al. v. Reading Steel Products Corporation,* 152 Pa. Superior Ct. 273, 31 A. 2d 909; to an automobile leaving the highway: *Know v. Simmerman,* 301 Pa. 1, 151 A. 678; *Maltz v. Carter, Admrx.,* 311 Pa. 550, 166 A. 852; *Devereaux v. Caldin, Admr.,* 127 Pa. Superior Ct. 595, 193 A. 372; *Morgan, Admx., v. Peters,* 148 Pa. Superior Ct. 88, 24 A. 2d 644; to a block of wood falling from a truck in the path of another vehicle: *Goodpasture et ux. v. Simpson et al.,* 330 Pa. 225, 199 A. 222; to the sudden opening of a taxicab door which injured a pedestrian on the street: *Young v. Yellow Cab Company et al.,* 118 Pa. Superior Ct. 495, 180 A. 63; to the breaking of a chain: *Teets v. Crescent Portland Cement Company,* 123 Pa. Superior Ct. 85, 186 A. 373; to a current of electricity through an X-ray machine which injured a person who had been requested to assist a patient: *Kelly et ux. v. Yount,* 135 Pa. Superior Ct. 528, 7 A. 2d 582; the slipping of a knot: *Folk v. Schaeffer et al.,* 186 Pa. 253, 40 A. 401; the presence of a horse on a highway: *Bender et ux. v. Welsh et al.,* 344 Pa. 392, 25 A. 2d 182; the failure of an automatic fire door to close: *Schell v. Miller North Broad Storage Co., Inc.,* 157 Pa. Superior Ct. 101, 42 A. 2d 180; a folding bed falling down: *Lyttle v. Denny,* 222 Pa. 395, 71 A. 841; the sudden collapse of a bed: *Tamres v. Reed,* 109 Pa. Superior Ct. 28, 165 A. 538.

nor any explanation, reasonable or even fanciful, of how the mere handling of the jar by the employes of the immediate vendor could have contributed in any wise to the explosion. See *Saganowich et al. v. Hachikian,* 348 Pa. 313, 35 A. 2d 343. Here the integrated package was handled and used only in the manner which the defendant had intended and foreseen. Appellant also contends that *Coralnick v. Abbotts Dairies, Inc.,* 337 Pa. 344, 11 A. 2d 143, rules this case. But there a bottle containing milk *broke* as the retail vendor was placing it in his ice box, and the Court held: "The limit of . . . [defendant's] duty was to provide against defects discernible upon reasonable inspection and to handle the bottles with reasonable care. There is not anything to show it failed of its duty in these respects." In the present case the glass jar was not designed nor intended to be used to constrain a gas or a pressure from within. The integrated article had a partial vacuum within the jar.

In the instant case the plaintiff sued the remote vendor in trespass for negligence, and no privity need be shown between the plaintiff and defendant: *Catani v. Swift & Company,* 251 Pa. 52, 57, 95 A. 931. See also *Bilk v. Abbotts Dairies, Inc.,* 147 Pa. Superior Ct. 39, 23 A. 2d 342; *Saganowich et al. v. Hachikian,* 348 Pa. 313, 35 A. 2d 343; *Rozumailski v. Philadelphia Coca-Cola Bottling Co.,* 296 Pa. 114, 145 A. 700; *Mannsz v. MacWhyte Co. et al.,* 155 F. 2d 445. It is only where the plaintiff sues in assumpsit upon an implied warranty of fitness that he must show such privity: *Loch et ux. v. Confair et ux.,* 361 Pa. 158, 63 A. 2d 24.

There is nothing even suggested that any act of others than the defendant's own employes could have, in any manner, contributed to the explosion, nor that

the damage could be attributed to some other cause.[4]

Judgment affirmed.

[4] For cases involving the liability of the manufacturer or remote vendor to the customer of an immediate vendor in all the various aspects see Annotations 111 A. L. R. 1239; 105 A. L. R. 1502; 88 A. L. R. 527; 63 A. L. R. 340; 39 A. L. R. 992; 17 A. L. R. 672; and the leading authority of *MacPherson v. Buick Motor Co.*, 217 N. Y. 382, 111 N. E. 1050, opinion by Judge CARDOZO.