House *v.* Schreiber, Appellant.

622

Argued March 22, 1951. Before RHODES, P. J., HIRT, RENO, ROSS, ARNOLD and GUNTHER, JJ. (DITHRICH, J., absent).

*Albert H. Freidman,* for appellant.

*Samuel Kravitz,* for appellees.

OPINION BY RHODES, P. J., July 19, 1951:

In this trespass action brought in the Municipal Court of Philadelphia County defendant has appealed from the refusal of the court below to grant his motion for judgment n.o.v. See *Fitzpatrick v. Bates,* 92 Pa. Superior Ct. 114, 116. The issue is the sufficiency of the evidence to sustain the findings of the trial judge.

The case was tried before a judge, sitting without a jury, under the provisions of section 12 of the Act of July 12, 1913, P. L. 711, as amended, 17 PS §695.

The trial judge made a finding in favor of each of the two plaintiffs. Defendant's motions for new trial and judgment n.o.v. were refused, and judgments were entered on the findings.

Plaintiffs occupied adjoining storerooms on the ground floor of the four-story building located at the northeast corner of 8th and Arch Streets, in the City of Philadelphia. Defendant occupied the entire second floor of this building which was directly over the stores of the plaintiffs; defendant's occupancy and control of the second floor were exclusive. When plaintiffs opened their stores for business on the morning of May 25, 1949, they discovered that water had seeped through the ceiling and down the walls, causing damage to their storerooms and merchandise. The respective places of business were undamaged when closed by plaintiffs the previous evening. The water came from the second floor over plaintiffs' stores. This second floor was used by defendant for manufacturing purposes. A toilet was located on this floor over the rear portion of plaintiffs' stores. Upon going to the second floor to locate the source of the water, plaintiffs met defendant, who said he had called the landlord's attention many times to the fact that the toilet was out of order. The floor in the toilet room was saturated with water and this condition extended for ten feet beyond. Rags had been used in an attempt to absorb the water on the floor. The top of the water tank to the toilet had been removed.

Defendant offered no evidence but submitted a point that the finding must be for the defendant.

Proof of negligence was necessary for plaintiffs to recover from defendant. But this is a case where the

inference of negligence clearly arises from the circumstances which were established, and plaintiffs were not required to show defendant's negligence by direct evidence. See *Majestic Amusement Co. v. Standard Cigar Co.*, 79 Pa. Superior Ct. 309; *Silver Costume Co. v. Passant*, 71 Pa. Superior Ct. 252; *Levinson v. Myers*, 24 Pa. Superior Ct. 481; *Zahniser v. Pennsylvania Torpedo. Co., Ltd.*, 190 Pa. 350, 353, 42 A. 707; *Trouser Corporation of America v. Goodman & Theise, Inc.*, 153 F. 2d 284.

The applicable legal principle is found in numerous cases which have followed *Shafer v. Lacock, Hawthorn & Co.*, 168 Pa. 497, 504, 32 A. 44, 46, where it was said: "When the thing which causes the injury is shown to be under the management of the defendants and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendants that the accident arose from a want of care." See *Skeen v. Stanley. Co. of America*, 362 Pa. 174, 178, 66 A. 2d 774; *Com. v. Montour Transport Co.*, 365 Pa. 72, 74, 73 A. 2d 659; *Dillon v. William S. Scull Co.*, 164 Pa. Superior Ct. 365, 370, 64 A. 2d 525. For a discussion of the doctrine of exclusive control, see *Miller v. Hickey*, 368 Pa. 317, 81 A. 2d 910.

Defendant contends that plaintiffs' damage may have resulted from other water pipes in the building rather than from the defective toilet on the premises under defendant's control. The law does not require the elimination of every possible cause other than the cause on which plaintiffs rely, but only such, if any, as fairly arise from the evidence. *Giordano v. Clement Martin, Inc.*, 347 Pa. 61, 64, 31 A. 2d 504; *Dillon v. William S. Scull Co.*, supra, 164 Pa. Superior Ct. 365, 369, 64 A. 2d 525. It is not necessary for a plaintiff to exclude everything which the ingenuity of counsel

may suggest. *Gallivan v. Wark Co.,* 288 Pa. 443, 456, 457, 136 A. 223.

The water which damaged plaintiffs' property came from the premises occupied and controlled by defendant. The toilet in those premises was defective, and this fact had been known for some time to the defendant. The condition of the floor indicated that the water came from the defective toilet. The only reasonable inference from the uncontradicted facts and circumstances is that defendant failed to exercise ordinary prudence and care as to the premises under his control, and that plaintiffs' damages arose from conditions which defendant failed to correct and for which he was responsible.

Judgments are affirmed.