**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1317
_____

RONNIE KIRKPATRICK;
MICHELLE VENSEL, his wife

v.

GEICO CASUALTY COMPANY,
Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(No. 2-17-cv-00236)
Chief District Judge: Honorable Mark R. Hornak
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 11, 2020

Before: McKEE, AMBRO, and PHIPPS, *Circuit Judges*.

(Opinion filed: April 22, 2020)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PHIPPS, *Circuit Judge*.

Ronnie Kirkpatrick, a citizen of Pennsylvania, was injured in a motor vehicle crash in Butler County, Pennsylvania on July 6, 2012. The injury was solely the fault of the other driver, and the other driver's insurance policy paid Kirkpatrick $100,000. Due to the extent of his injuries and their effect on his ability to work, Kirkpatrick, along with his wife, Michelle Vensel, also a citizen of Pennsylvania, requested additional compensation under their automobile insurance policy with Geico Casualty Company. That policy included underinsured motorist coverage for up to $900,000, and they sought compensation for Kirkpatrick's lost earning capacity in their business restoring vintage cars, as well as pain and suffering, embarrassment and humiliation, loss of enjoyment of life, and Vensel's loss of consortium. Unable to agree with Geico on the amount of additional recovery, Kirkpatrick and Vensel sued Geico for breach of contract and bad-faith, seeking damages over $75,000.

After the parties stipulated to dismiss the bad-faith claim, the breach of contract claim went to trial. The jury awarded Kirkpatrick and Vensel an aggregate total of $3.22 million in damages. The verdict apportioned $2.97 million of that award to Kirkpatrick and the remaining $250,000 to Vensel for loss of consortium. The total award exceeded the policy limit, and the parties stipulated to reduce the judgment to $900,000, split between Kirkpatrick ($830,160) and Vensel ($69,840).

On appeal, Geico challenges two rulings related to the trial. First, it argues that the District Court erred by excluding evidence that Kirkpatrick smoked a pack of cigarettes per week. Second, Geico contends that Kirkpatrick could not recover for a loss

2

of earnings capacity because, in the years before the accident, the couple's car restoration business did not generate earnings. Geico preserved those issues in opposing a pre-trial motion *in limine*, by an oral motion for a directed verdict, and through a motion for a new trial under Rule 59(e). As a timely appeal of a jury verdict and an order denying a Rule 59(e) motion, Geico's appeal is within the Court's appellate jurisdiction. *See* 28 U.S.C. § 1291; Fed. R. App. P. 4(a)(1)(A), 4(a)(4)(A)(v). And with our rectification of a pleading defect, *see* 28 U.S.C. § 1653, the District Court also had jurisdiction over this case under the diversity statute, *see* 28 U.S.C. § 1332(a)(1).[1] For the reasons set forth below, we will affirm the judgment of the District Court.

**Geico's Challenges Do Not Merit Reversal or a New Trial.**

A. **The District Court Did Not Abuse Its Discretion in Excluding Evidence that Kirkpatrick Smoked a Pack of Cigarettes Per Week.**

As part of its defense, Geico sought to introduce evidence that Kirkpatrick smoked about a pack of cigarettes per week. According to Geico, that evidence would show that Kirkpatrick's life expectancy would be shorter than the actuarial prediction presented to

---

[1] The complaint did not state Geico's state of incorporation, which is necessary to invoke diversity jurisdiction when one of the parties is a corporation. *See* 28 U.S.C. § 1332(a)(1), (c)(1). However, other federal courts recognize Geico Casualty Company as a Maryland corporation. *See, e.g., Castillo v. Geico Cas. Co.*, -- F. Supp. 3d --, 2020 WL 1308328, at *1 (D. Nev. Mar. 19, 2020); *Gov't Emps. Ins. Co. v. Pennsauken Spine & Rehab P.C.*, 2018 WL 3727369, at *1 (D.N.J. Aug. 6, 2018). Indeed, Maryland's 'egov' website indicates that Geico was incorporated in Maryland in 1982. *See* https://egov.maryland.gov/BusinessExpress/EntitySearch/BusinessInformation/D01458744. Under these circumstances, diversity jurisdiction over Geico is proper. *See Kiser v. Gen. Elec. Corp.*, 831 F.2d 423, 427 (3d Cir. 1987) (explaining that § 1653 "applies in particular to amendments that affect a court's diversity jurisdiction, and it permits amendments broadly so as to avoid dismissal of diversity suits on technical grounds").

the jury because that prediction of 34.3 remaining years did not account for Kirkpatrick's smoking history. *See Rosche v. McCoy*, 156 A.2d 307, 313 (Pa. 1959) (explaining that in assessing a person's life expectancy, a jury may consider the person's personal habits).

The District Court excluded that evidence under Rule 403.[2] It explained that evidence of smoking a pack a week, on its own, had minimal probative value. The District Court pointed out that Geico did not present evidence on how long Kirkpatrick had been smoking and that Geico did not offer an expert to opine on the effect of smoking a pack a week on Kirkpatrick's life expectancy. Without those, the District Court concluded that the probative value of the proposed evidence was substantially outweighed by the risk of unfair prejudice and confusion.

In reviewing that determination for an abuse of discretion,[3] the District Court did not err. Evidence of a smoking habit may be probative of predictive life expectancy, but the evidence Geico sought to introduce was critically incomplete. It did not suggest how long Kirkpatrick smoked a pack per week – he could have done so for a year, or a decade, or more. Leaving that degree of guesswork to a jury is a recipe for confusion and unfair prejudice. Nor could that shortcoming be cured through expert testimony. With only

---

[2] Fed. R. Evid. 403 (permitting the exclusion of "relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence").

[3] *See Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008) ("[C]ourts of appeals uphold Rule 403 rulings unless the district court has abused its discretion."); *Honeywell, Inc. v. Am. Standards Testing Bureau*, 851 F.2d 652, 655 (3d Cir. 1988) (reviewing a denial of Rule 59(e) motion for a new trial under the abuse-of-discretion standard).

rate-of-smoking evidence and nothing on the duration of the smoking habit, it is improbable that any expert witness could reliably challenge the actuarial prediction. If an expert could not reasonably rely on the proffered evidence, the District Court certainly did not abuse its discretion by excluding that evidence from the jury.

**B.     The District Court Did Not Err in Denying Geico's Request for a Directed Verdict.**

Geico next contends that Kirkpatrick cannot recover for lost earnings capacity because, in the years before the accident, Kirkpatrick and Vensel's car restoration business operated at a loss. Under Pennsylvania law, which no one disputes applies to this diversity case, loss of earning capacity measures not the loss of actual earnings, but rather the loss of the ability to earn. *See Holton v. Gibson*, 166 A.2d 4, 7-8 (Pa. 1960); *Saganowich v. Hachikian*, 35 A.2d 343, 345 (Pa. 1944). Thus, to prevail, Geico must demonstrate that the record was "critically deficient of the minimum quantum of evidence" of a loss of earnings capacity, such that the jury would have insufficient evidence to reasonably find liability. *Eshelman v. Agere Sys., Inc.*, 554 F.3d 426, 433 (3d Cir. 2009) (quoting *Gomez v. Allegheny Health Servs., Inc.*, 71 F.3d 1079, 1083 (3d Cir. 1995)); *see also Frank C. Pollara Grp., LLC v. Ocean View Inv. Holding, LLC*, 784 F.3d 177, 184 n.9 (3d Cir. 2015).

Geico falls well short of that standard. Several pieces of evidence support the jury's award for loss of earnings capacity. Both Kirkpatrick and Vensel testified that their business model involved purchasing vintage automobiles and then restoring them. The restoration process required both time and money: it could take up to ten years and

5

would cost between $100,000 and $250,000.  At the time of the accident, Kirkpatrick and Vensel had not fully restored any cars.  But an appraiser testified by deposition that four of the cars that Kirkpatrick eventually restored had collective values of between $5,225,000 and $6,350,000.  This evidence, coupled with evidence of Kirkpatrick's inability to restore cars at the same rate, supports the jury's award – even in the absence of pre-injury earnings.

\* \* \*

In short, the District Court did not abuse its discretion in the challenged rulings. Geico's arguments do not provide reasonable grounds to second-guess the jury verdict, which was already reduced from $3.22 million to the policy limit of $900,000.  Thus, in exercising jurisdiction, we will affirm the judgment and post-trial order of the District Court.